JAMES P. KRAUZLIS, ESQ.,
BADIAK & WILL, LLP
106 3rd Street
Mineola, New York 11501
Our file: 07-H-533-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

FIREMAN'S FUND INSURANCE COMPANY,
a/s/o Galex, Inc.,

|  |  |
|---|---|
| | 07 Civ. 6862 ( RJH ) |
| Plaintiff, | |
| | **COMPLAINT** |
| - against - | |

ECT   TRANSPORT   LTD.   d/b/a   SEAQUEST
TRANSPORT and SEAQUEST LINE,

                                    Defendant.

-------------------------------------------------------------------x

          Plaintiff, FIREMAN'S FUND INSURANCE COMPANY a/s/o Galex, Inc., by its

attorneys, Badiak & Will, LLP, as and for its Complaint herein against the defendants, alleges upon

information and belief as follows:

          1.          All and singular the following premises are true and constitute an admiralty

or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and

within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

          2.          Plaintiff, FIREMAN'S FUND INSURANCE COMPANY (hereinafter

referred to as "FFIC"), is and was at all times hereinafter mentioned a corporation organized and

existing under and by virtue of the laws of one of the states of the United States with an office and

place of business at 75 Wall Street, New York, New York 10005, and provided all risk cargo

insurance covering the subject shipment hereinafter described.

3.  Plaintiff FFIC has paid the consignees and owners of the shipments mentioned hereinafter pursuant to a marine cargo insurance policy herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.  The shippers and consignees hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

4.    Defendant, ECT TRANSPORT LTD. d/b/a SEAQUEST TRANSPORT and SEAQUEST LINE, (hereinafter "SEAQUEST"), is and was a corporation organized and existing under and by virtue of the laws of a foreign state with an office and place of business c/o Geologistics Americas, Inc., now doing business as Agility, 225 Broadway, Suite 2406, New York, New York 10007, and is and was at all times hereinafter mentioned, a common carrier by water for hire and owned, chartered, managed and/or otherwise controlled or contracted to use the M.V. YM FUKUOKA as a general vessel engaged in the common carriage of merchandise by water for hire between, among others, the ports of Surabaya, Indonesia, Kaohsiung, Taiwan and Los Angeles, CA.

5.    On or before July 15, 2006, there was shipped by P.T. Alumindo Light Metal Industry and delivered to SEAQUEST and the aforementioned vessel, at Surabaya, Indonesia, China, as common carriers, a shipment consisting of eight (8) crates of prime aluminum, then being in good order and condition, and defendant then and there accepted the said shipment so shipped and delivered to them and, in consideration of certain freight charges thereupon paid or agreed to

be paid, agreed to transport and carry the said shipment to Kansas City, MO, via Los Angeles, CA, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Galek, Inc., the consignee and the plaintiff's assured, all in accordance with a bill of lading issued by or on behalf of the aforementioned vessel and defendant SUNGIL numbered SUB0022613/003, dated on or about July 15, 2006.

6. Thereafter the defendant made delivery of the aforementioned shipment, but not in like good order, condition or quantity as when shipped, delivered to and received by them but, to the contrary, with serious damage, shortage and impaired in value, all in violation of the defendant's obligations and duties as a common carrier of merchandise by water for hire.

7. By reason of the foregoing premises, plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $5,851.31.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2. That if defendant cannot be found within this District then all of their property within this District be attached in the sum of $5,851.31, with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment may be entered in favor of plaintiff against defendant for the amount of plaintiff's damages, together with interest and costs and the disbursements of this action; and

4.    That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated:      New York, New York
            July 27, 2007

                                    BADIAK & WILL, LLP
                                    Attorneys for Plaintiff,
                                    Fireman's Fund Insurance Co.

                                    By:_____
                                        JAMES P. KRAUZLIS (JK-4972)