```
┌────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #: _____                │
│ DATE FILED: 9/6/07              │
└────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FIREMAN'S FUND INSURANCE COMPANY,**
**a/s/o GALEX, INC.,**

                    Plaintiff,

            - against -                                   **2007  Civ.  06862(RJH )**

**ECT TRANSPORT LTD. d/b/a SEAQUEST**
**TRANSPORT and SEAQUEST LINE,**

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Initial Scheduling Conference Notice and Order**

This action has been assigned to Judge Richard J. Holwell for all purposes. It is hereby
ORDERED as follows:

1.    Counsel receiving this Order shall promptly mail or fax copies hereof to all other
      counsel of record or, in the case of parties for which no appearance has been
      made, to such parties. Counsel for all parties should note their appearance as
      counsel in this matter by letter immediately.

2.    Counsel for <u>all</u> parties are directed to confer regarding an agreed scheduling order
      pursuant to Fed. R. Civ. P. 26(f). If counsel are able to agree on a schedule **and**
      **the agreed schedule calls for filing of the pretrial order not more than nine**
      **(9) months from the date of this order,** counsel shall sign and email a PDF of
      the proposed schedule to the Orders and Judgment Clerk within fourteen (14) days
      from the date hereof, following the scheduling order requirements attached hereto.
      Counsel should note, in submitting their consent scheduling order, that the
      otherwise scheduled conference should be adjourned.

3.    If such a consent order is <u>not</u> filed within the time provided, an initial scheduling
      conference will be held in this matter on **November 16, 2007 at 10:00 a.m.** in
      Courtroom 17B at the U.S. Courthouse, 500 Pearl Street, New York, New York
      10007. A proposed scheduling order, following the scheduling order
      requirements attached hereto, should be submitted to Chambers three days before
      the initial scheduling conference.

4.    **Any requests for adjournments** must be made in writing and must be received

1

in Chambers **not later than 48 hours** before the scheduled time. Alternative dates that are mutually agreeable to all parties must be suggested when requesting to reschedule the initial scheduling conference. Parties should consult the Individual Practices of Judge Holwell with respect to communications with Chambers and related matters.

5.     This case has been designated an electronic case. The parties are advised that **all orders after this Initial Scheduling Conference Notice and Order will be issued via the Electronic Case Filing ("ECF") system and parties will not be sent copies by mail or facsimile.** It is the responsibility of counsel to become familiar with and follow ECF procedures. A subsequent Initial Scheduling Conference Notice and Order attaching Judge Holwell's Individual Practices will be issued via ECF. Judge Holwell's individual practices may also be found at http://www.nysd.uscourts.gov/Individual_Practices/Holwell.pdf. Parties should direct questions regarding ECF to the ECF Help Desk at 212-805-0800.

**SO ORDERED**

Dated: New York, New York
      **August 17, 2007.**

                            Richard J. Holwell
                           United States District Judge

**Scheduling Order Requirements**

1.    Description of the Case
      a.   Identify the attorneys of record for each party, including lead trial attorney;
      b.   State the basis for federal jurisdiction;
      c.   Briefly describe the claims asserted in the complaint and any counterclaims;
      d.   State the major legal and factual issues in the case; and
      e.   Describe the relief sought.

2.    Proposed Case Management Plan
      a.   Identify all pending motions;
      b.   Propose a cutoff date for joinder of additional parties;
      c.   Propose a cutoff date for amendments to pleadings;
      d.   Propose a schedule for completion of discovery, including:
            i.    A date for Rule 26(a)(1) disclosures, if not previously completed;
            ii.   A fact discovery completion date;
            iii.  A date for Rule 26(a)(2) disclosures; and
            iv.   An expert discovery completion date, including dates for delivery
                  of expert reports;
      e.   Propose a date for filing dispositive motions;
      f.   Propose a date for filing a final pretrial order; and
      g.   Propose a trial schedule, indicating:
            i.    Whether a jury trial is requested;
            ii.   The probable length of trial; and
            iii.  When the case will be ready for trial.

3.    Consent to Proceed Before a Magistrate Judge:  Indicate whether the parties
      consent unanimously to proceed before a Magistrate Judge.

4.    Status of Settlement Discussions
      a.   Indicate whether any settlement discussions have occurred;
      b.   Describe the status of any settlement discussions; and
      c.   Whether parties request a settlement conference.

# INDIVIDUAL PRACTICES
## OF JUDGE RICHARD J. HOLWELL

### Chambers

United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

### Courtroom 17B

500 Pearl Street
William J. Donald
Courtroom Deputy Clerk
(212) 805-4634

**Unless otherwise ordered by Judge Holwell, matters before Judge Holwell shall be conducted in accordance with the following practices:**

1. **Communications with Chambers**

   A. **Letters.** Except as otherwise provided below, communications with Chambers shall be by letter, with copies simultaneously delivered to all counsel. Copies of correspondence between counsels shall not be sent to the Court.

   B. **Telephone Calls.** Except as provided in Paragraph 1(D) below, telephone calls to Chambers are permitted <u>only</u> in emergency situations requiring immediate attention. In such situations only, call Chambers at (212) 805-0256.

   C. **Faxes.** Faxes to Chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel. No document longer than 4 pages may be faxed without prior authorization. <u>Do not follow with hard copy</u>. The fax number is (212) 805-7948.

   D. **Electronic Case Filing.** Parties must provide hard copy by fax or mail of any document filed on ECF. For all motions other than pro hac vice motions, two courtesy copies, marked as such, shall be submitted to Chambers at the time the papers are served. Parties should direct questions regarding ECF to the ECF Help Desk at 212-805-0800.

   E. **Docketing, Scheduling and Calendar Matters.** For docketing, scheduling and calendar matters, call the Deputy Clerk, William Donald, at (212) 805-4634.

   F. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance, absent an emergency, it shall be made <u>at least 48 hours prior</u> to the scheduled appearance.

2. **Scheduling Order Requirements**

   A. **Description of the Case**
      i.   Identify the attorneys of record for each party, including lead trial attorney;
      ii.  State the basis for federal jurisdiction;
      iii. Briefly describe the claims asserted in the complaint and any counterclaims;
      iv.  State the major legal and factual issues in the case; and
      v.   Describe the relief sought.

   B. **Proposed Case Management Plan**
      i.   Identify all pending motions;
      ii.  Propose a cutoff date for joinder of additional parties;
      iii. Propose a cutoff date for amendments to pleadings;
      iv.  Propose a schedule for completion of discovery, including:
           a. A date for Rule 26(a)(1) disclosures, if not previously completed;
           b. A fact discovery completion date;
           c. A date for Rule 26(a)(2) disclosures; and
           d. An expert discovery completion date, including dates for delivery of expert reports;
      v.   Propose a date for filing dispositive motions;
      vi.  Propose a date for filing a final pretrial order; and
      vii. Propose a trial schedule, indicating:
           a. Whether a jury trial is requested;
           b. The probable length of trial; and
           c. When the case will be ready for trial.

   C. **Consent to Proceed Before a Magistrate Judge.** Indicate whether the parties consent unanimously to proceed before a Magistrate Judge.

   D. **Status of Settlement Discussions**
      i.   Indicate whether any settlement discussions have occurred;
      ii.  Describe the status of any settlement discussions; and
      iii. Whether parties request a settlement conference.

3. **Motions**

   A. **Pre-Motion Conferences in Civil Cases.** For discovery motions, follow Local Civil Rule 37.2. A pre-motion conference with the Court is required before making a motion for summary judgment or dismissal, including motions to dismiss filed in lieu of answer. To arrange a pre-motion conference, the moving party shall submit a letter not to exceed three pages in length setting forth the basis for the anticipated motion. Pre-motion conferences are not required for other motions. Service of a pre-motion conference letter within the time provided by Federal Rule of Civil Procedure 12(a) constitutes timely service of a motion made pursuant to Federal Rule of Civil Procedure 12(b).

B. **Courtesy Copies.** Two courtesy copies of all motion papers, marked as such, shall be submitted to Chambers at the time the papers are served.  For motions for admission pro hac vice, only one courtesy copy shall be submitted, together with a proposed order form and the necessary supporting documents.

C. **Memoranda of Law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages.  Memoranda of 10 pages or more shall contain a table of contents.  The memoranda shall be double-spaced and use 12-point font for text and footnotes.  Citations to authority not available in Westlaw or Lexis/Nexis should be accompanied by copies of the cited materials.

D. **Exhibits.** If deposition testimony is submitted, four pages of testimony should, if possible, appear on a single page.

E. **Filing of Motion Papers.** Motion papers shall be filed promptly after service.  For ECF filings, the Court prefers, but does not require, that parties upload text-searchable PDF documents.

F. **Oral Arguments on Motions.** Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed.  The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

G. **Effect of a Motion on Notice of Appeal.**    Paragraph A above does not apply to any of the motions described in Fed. R. App. P. 4(a)(4)(A).  A pre-motion conference is not required before making such motions, which should be filed when served.

4. **Pretrial Procedures**

A. **Final Pretrial Orders in Civil Cases.** Unless otherwise ordered by the Court, within 30 days from the date of the completion of discovery in a civil case, the parties shall submit to the Court for its approval a joint final pretrial order that includes the information required by Fed. R. Civ. P. 26(a)(3), and the following:

   i.   The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

   ii.  A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

   iii. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.  Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

iv. A statement by each party setting forth and calculating with specificity each element of damages sought with respect to each claim that remains to be tried.

v. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

vi. A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

vii. Any stipulations or agreed statements of fact or law, which have been agreed to by all parties.

viii.   A list of all witnesses, with a brief summary of the substance of each witness's testimony and an indication whether such witnesses will testify in person or by deposition. No witness not identified herein shall be permitted to testify in either party's case in chief absent good cause shown.

ix. A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations by any other party. Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefore. If deposition testimony is submitted, four pages of testimony should, if possible appear on a single page.

x. A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground. The list shall include a description of each exhibit. The grounds for the objection to the admissibility of any exhibit shall be stated in summary form. Any objections not set forth in the final pretrial order shall be considered waived absent good cause shown.

B. **Filings Prior to Trial in Civil Cases.** Unless otherwise ordered by the Court, each party shall file the following at the time of the filing of the final pretrial order:

i. In jury cases, requests to charge and proposed *voir dire* questions. Joint proposed jury charges should also be submitted on a CD-ROM in Microsoft Word format, with a table of contents;

ii. In all cases, motions addressing any evidentiary or other issues which should be resolved *in limine*;

iii. In any case where such party believes it would be useful, a pretrial memorandum; and

iv. In non-jury cases, Proposed Findings of Fact and Conclusions of Law. The Proposed Findings of Fact should be detailed; there may be no opportunity for post-trial

submissions. The Proposed Findings shall address with specificity each element of damages claimed.

**C. Filings in Opposition.** Any party may file the following documents within one week of the filing of the final pretrial order, but in no event less than three days before the scheduled trial date:

    i.   Objections to another party's requests to charge or proposed *voir dire* questions;

    ii.  Opposition to any motion *in limine*;

    iii. Opposition to any legal argument in a pretrial memorandum.

**D. Courtesy Copies.** Two courtesy copies of the final pretrial order and all documents filed or served with the final pretrial order should be submitted to Chambers on the date of filing or service.

## 5. Conferences

**A. Principal Trial Counsel.** The attorney who will serve as principal trial counsel must appear at all conferences with the Court.

**B. Initial Scheduling Conference.** The Initial Scheduling Conference Notice and Order will be mailed to plaintiff's counsel, who will be responsible for distributing copies to all parties. If all counsel are able to agree on a schedule and the agreed schedule calls for filing of the final pretrial order not more than six (6) months from the date of the Initial Scheduling Conference Notice and Order, <u>and</u> such consent scheduling order is filed with the Orders and Judgment Clerk within fourteen (14) days from the date of the Initial Scheduling Conference Notice and Order, no initial scheduling conference shall be necessary. **The scheduling order should conform to the requirements set forth in paragraph 2 above.** Otherwise, the parties' report pursuant to Fed. R. Civ. P. 26(f) and <u>two courtesy copies</u> of the pleadings should be delivered by plaintiff's counsel to Chambers three days prior to the conference date.

Attachment 1

## DEFAULT JUDGMENT PROCEDURE

A.  **Applications.** Applications for default judgments must comply with Local Civil Rule 55.1 and 55.2 and <u>must</u> <u>provide</u> <u>reasonable</u> <u>notice</u> to the party against whom default shall be entered by:

      i.     First-class mail or courier, if the party is domestic;
      ii.    Courier, if the party is international; or
      iii.   Any method authorized by Rule 4 of the Federal Rules of Civil Procedure.

Applications will not be accepted absent the following:

      i.     An affidavit setting forth:
           a.  A description of the nature of the claim;
           b.  The basis for subject matter jurisdiction over the action;
           c.  The basis for personal jurisdiction over the defendant;
           d.  A representation that defendant is not an infant or an incompetent; and
           e.  A representation that notice has been provided in accordance with the requirements set forth above;
      ii.    A certificate of default stating that the defendant was properly served with the complaint and failed to answer/appear, signed and stamped by the Clerk of the Court. (If the defendant did appear in the action, the plaintiff must submit an affidavit representing that the defendant has notice of the application for default);
      iii.   An affidavit setting forth reasonable attorneys' fees and showing that attorneys' fees are recoverable;
      iv.   A copy of the complaint; and
      v.    A proposed form of default judgment.

B.  **Damages.** If the plaintiff seeks an award of damages in the motion for default judgment, the plaintiff must also include:

      i.     A request for an amount equal to or less than the principal amount demanded in the Complaint;
      ii.    Definitive information and documentation such that the amount provided for in the proposed judgment can be calculated. (If this requirement cannot be satisfied, a default judgment may be granted as to liability, and damages will be determined by an inquest);
      iii.   An affidavit representing that no part of the judgment sought has been paid, other than as indicated in the motion;
      iv.   A request for interest on the principal amount not to exceed 9%, if interest is sought; and
      v.    The calculations made in arriving at the proposed judgment amount.

Revised: May 9, 2006
Forms-Scripts